Filed 3/23/26  P. v. Santiago CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL ANGEL SANTIAGO,<br><br>    Defendant and Appellant. | F089544<br><br>(Super. Ct. No. BF122970C)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Andrew Kendall, Judge.

Jacquelyn E. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Caitlin Franzen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Miguel Angel Santiago was convicted by a jury of conspiracy to commit murder, attempted murder, and two counts conspiracy to dissuade a witness from testifying after a victim was shot in the head. Enhancements were also found true including discharge of a firearm by a principal that caused great bodily injury. The trial court sentenced him to 17 years, plus 100 years to life.

In 2011, this court reversed the convictions and related enhancements for two counts of conspiracy to dissuade a witness. (*People v. Santiago et al.* (Apr. 20, 2011, F058325) [nonpub. opn.] (*Santiago*).)[1] Santiago was resentenced to a term of six years, plus 75 years to life. In 2025, after his sentence was recalled pursuant to Penal Code section 1172.75, Santiago was resentenced to 75 years to life.[2] (Undesignated statutory references are to the Penal Code.)

Santiago contends his sentence must again be vacated and the matter remanded for resentencing. He argues the trial court abused its discretion by being unaware of its authority under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) and section 1385, subdivision (c) to impose a lesser firearm enhancement under section 12022.53. Santiago maintains that if this claim is forfeited, his counsel was ineffective on this basis. He also argues the court failed to identify mitigating factors, and legally erred when it declined to dismiss the firearm enhancement for public safety reasons. (§ 1385, subd. (c)(2).)

---

[1] Pursuant to this court's unopposed motion, we take judicial notice of our prior nonpublished opinion in Santiago's direct appeal from the judgment in *Santiago*, *supra*, F058325, pursuant to Evidence Code sections 452, subdivision (d) and 459. (See, e.g., *Estate of Kempton* (2023) 91 Cal.App.5th 189, 193, fn. 2 [taking judicial notice of prior unpublished opinion in the same case on court's own motion]; *Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 886 ["On our own motion, we take judicial notice of [two prior opinions in same case] as well as the underlying appellate records. (See Evid. Code, § 452, subd. (d).)"].)

[2] Section 1172.75 requires recall and resentencing for any sentence imposed prior to January 1, 2020, which contains a prior prison enhancement imposed pursuant to section 667.5, subdivision (b). (See *People v. Christianson* (2023) 97 Cal.App.5th 300, 305.)

We conclude the trial court properly exercised its discretion and affirm.

## PROCEDURAL BACKGROUND

On May 12, 2008, the Kern County District Attorney filed an information charging Santiago and three codefendants[3] with conspiracy to commit murder (§ 182, subd. (a)(1); count 1), attempted murder (§§ 664/187, subd. (a); count 2), and conspiracy to dissuade a witness or victim (§ 136.1, subd. (a)(1); counts 3 and 4). As to count 2, the information alleged Santiago committed the attempted murder with premeditation and deliberation (§ 189). As to all counts, the information alleged Santiago personally discharged a firearm and caused great bodily injury (§ 12022.53, subds. (d), (e)(1)) and that he committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The information further alleged Santiago was previously convicted of a serious felony (§§ 667, subds. (a), (c)–(j); 1170.12, subds. (a)–(e)), and served a prior prison term (§ 667.5, subd. (b)).

On June 24, 2009, a jury found Santiago guilty as charged on all counts and found true the firearm and gang allegations. In a bifurcated proceeding, the trial court found Santiago's prior convictions and prior prison term true.

On July 23, 2009, Santiago was sentenced to 17 years, plus 100 years to life as follows: on count 1, 50 years to life, plus 25 years to life for the firearm enhancement, plus five years for the serious felony enhancement, plus one year for the prior prison term; on count 4, six years, plus five years for the serious felony enhancement, to be served consecutive to count 1. On count 2, 14 years to life; and on count 3, six years, both counts 2 and 3 stayed pursuant to section 654.

On November 7, 2011, Santiago was resentenced after this court reversed the judgment on counts 3 and 4 in the direct appeal. (*Santiago*, *supra*, F058325.) The trial court resentenced Santiago to a term of six years, plus 75 years to life as follows: on count 1, 50 years to life, plus 25 years to life for the firearm enhancement, plus five years

---

[3] The codefendants are not parties to this appeal.

for the prior serious felony conviction, plus one year for the prior prison term; on count 2, stayed pursuant to 654.

On November 1, 2023, Santiago's sentence was recalled for resentencing pursuant to section 1172.75.

On December 10, 2024, defense counsel filed a resentencing brief.

On January 24, 2025, a resentencing hearing was held. The trial court continued the matter pursuant to defense counsel's unopposed request to file a supplemental resentencing brief.

On February 28, 2025, defense counsel filed a supplemental resentencing brief.

On March 21, 2025, the trial court sentenced Santiago to 75 years to life as follows: on count 1, 50 years to life, plus 25 years to life for the firearm enhancement (§ 12022.53, subds. (d), (e)(1)); on count 2, stayed pursuant to section 654. The court struck the gang enhancement, the prior serious felony enhancement (§ 667, subd. (a)), and the prior prison term (§ 667.5, subd. (b)).

## DISCUSSION[4]

### I.    The Firearm Enhancement

Santiago argues his sentence must be vacated and the matter remanded for resentencing because the record indicates the trial court was unaware of its discretion under *Tirado*, *supra*, 12 Cal.5th 688 to impose a lesser firearm enhancement under section 12022.53, subdivisions (b) or (c). Alternatively, he asserts his trial counsel was

---

[4]    With respect to the underlying facts of this case, the appellate briefing relies solely on the factual summary from our prior nonpublished opinion, which is not part of the record on appeal. While our prior nonpublished opinion is not evidence, it is the only document other than the probation officer's summary of the offense that provides us with the facts the trial court had access to at the resentencing hearing. Pursuant to our own motion, we took judicial notice of our prior nonpublished opinion in Santiago's direct appeal from the judgment in *Santiago*, *supra*, F058325. (See Evid. Code, § 452, subd. (d).) For these reasons, and because Santiago raises purely legal issues on appeal, we omit a factual summary.

ineffective for failing to object or otherwise ensure the court was aware of its discretion under *Tirado*.

The People claim Santiago forfeited his argument. Reaching the merits, the People contend defense counsel was not ineffective, the record shows the trial court was aware of the law, made the required findings, and acted within its discretion when it chose not to impose a lesser firearm enhancement. We agree with the People.

**A. Additional Background**

Defense counsel's resentencing briefs focused on achieving the lowest possible sentence. Specifically, defense counsel asked the trial court to "apply current sentencing rules in consideration of mitigating factors." He requested the court grant Santiago ameliorative relief by citing a variety of new laws. Defense counsel specifically asked the court to strike the firearm and gang enhancements, the prior serious felony enhancement, prior prison term enhancement, and prior strike conviction.

At the resentencing hearing, defense counsel asked for the "lowest possible sentence" for Santiago. Defense counsel told the trial court Santiago had "bad conduct" write-ups for "fighting" in 2022 and 2023 in prison but overall had been on a "steady upward path of rehabilitation" for several years. He pointed out Santiago worked and attended school while incarcerated.

The trial court noted Santiago would receive a sentence of 50 years to life if it struck the gang enhancement (§ 186.22), the firearm enhancement (§ 12022.53), and the prior serious felony enhancement (§ 667, subd. (a)). The court also observed Santiago would receive a sentence of 25 years to life if it struck the prior strike (§ 667, subd. (e)), as well as the gang, firearm, and prior serious felony enhancements. The term of 25 years to life would be the lowest possible sentence. The court discussed Santiago's conduct in the underlying offense. The court stated, "Santiago … tried to fire … the gun two times, but it jammed, and [he] then handed the gun to [a codefendant] who shot [the victim] in the head."

The prosecutor urged the trial court not to lessen Santiago's sentence or strike his prior strike. The prosecutor argued Santiago committed extraordinarily violent and dangerous conduct. Moreover, the prosecutor outlined Santiago's past criminal conduct, which included violent crimes that escalated in severity.

The trial court's ruling, in full, is as follows:

> "[T]here is an invalid prison prior under [section] 667.5[, subdivision] (b).… [T]he original sentence is hereby recalled. The Court strikes the enhancement under [section] 667.5[, subdivision] (b). The Court has read and reviewed … the opinion in this matter, the [l]audatory [c]hronos that are included in the sentencing report considering [Santiago] is at level 2 having brought himself down from level 4. The Court also did consider the fighting infraction from 2023.… [T]he Court is aware that it has the discretion to grant a *Romero* [pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497]. However, based on the facts of this case and the fact that the attempted murder of a witness in a criminal proceeding, this certainly does not fall outside the spirit of the three strikes law. And while there are [l]audatory things in his [c]hronos, they do not outweigh the seriousness of the offense. The Court is not going to exercise its discretion, will not be granting a *Romero* pursuant to [section] 667[, subdivision] (e). As to multiple enhancements used to enhance the case, the Court is aware [of] its discretion under [section] 1385[, subdivision] (c)(2)(B).… I'm going to … strike the enhancement … [¶] … [¶] [under section] 186.22[, subdivision] (b)(1). [¶] … [¶]

> "I am going to exercise my discretion to strike it as it is not enhancing the sentence. And it does appear as to his rehabilitative efforts that he should no longer be classified as a gang member.… I also strike the enhancement under [section] 667[, subdivision] (a), the … nickel [prior] as this section is strongly in favor of striking the multiple enhancements. However, I will leave the firearm enhancement because of the serious nature of the offense and the danger for public safety reasons to keep the firearm enhancement. So that then … the sentence … will be 50 to life, plus 25 to life. [¶] … [¶]

> "[T]he Court exercises its discretion as described in [section] 1385[, subdivision] (c)(2) and it struck the multiple enhancements, so the prison prior, the [section] 667[, subdivision] (a) and the [section] 186.22[, subdivision] (b)(1) are stricken. The firearm enhancement will remain.… [A]s [to] [c]ount 1, probation is denied. [Santiago] is sentenced to

… 50 years to life … enhanced by the 25 years to life pursuant to [s]ection 12022.53[, subdivisions] (d) and (e)(1) .…"

There was no objection or comment by either party.

## B. Legal Principles

Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill No. 620), effective January 1, 2018, amended section 12022.53, subdivision (h) to give trial courts discretion to "strike or dismiss" enhancements imposed under this section "in the interest of justice pursuant to [s]ection 1385." In January 2022, just shy of three years before Santiago's resentencing hearing, our Supreme Court decided *Tirado*, *supra*, 12 Cal.5th 688, holding that section 12022.53, as amended by Senate Bill No. 620, "permits a court to strike [a] section 12022.53[, subdivision] (d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado*, at p. 692.) Under *Tirado*, a trial court could either strike a section 12022.53, subdivision (d) enhancement altogether, or impose a lesser uncharged enhancement under section 12022.53, subdivisions (b) or (c).

Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81), effective January 1, 2022, amended section 1385 to specify factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (§ 1385, subd. (c); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.) As summarized by our Supreme Court, "Section 1385, subdivision (c)(1), as added by Senate Bill No. 81, provides that '[n]otwithstanding any other law, the court *shall dismiss an enhancement if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute.' (Italics added.) Section 1385, subdivision (c)(2) provides in pertinent part, '*In exercising its discretion under this subdivision*, the court shall consider and *afford great weight* to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances *weighs greatly*

*in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)  Under section 1385, subdivision (c), "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Walker*, at p. 1029.)

The trial court failed to dismiss or impose a lesser firearm enhancement in this case.  (§ 12022.53, subd. (d).)  At the time of Santiago's resentencing, multiple enhancements were alleged in a single case (§ 1385, subd. (c)(2)(B)).  Santiago also argues section 1385, subdivision (c)(2)(C) applied because the application of the enhancement under section 12022.53, subdivision (d) could result in a sentence of over 20 years.[5]

## C. Standard of Review

A trial court's decision whether to dismiss an enhancement pursuant to section 1385, subdivision (c) is reviewed for an abuse of discretion.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  In reviewing for abuse of discretion, the burden is on the party attacking the sentence to clearly show the sentencing decision was irrational or arbitrary.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)  To meet that burden, our

---

[5]    Santiago argues on appeal section 1385, subdivision (c)(2)(C) applies because the application of the firearm enhancement could result in a sentence of over 20 years.  The People disagree, arguing section 1385, subdivision (c)(2)(C) does not apply because defendant's sentence without the enhancement exceeded 20 years without application of the enhancement by virtue of the indeterminate term imposed for his conviction of conspiracy to commit murder (§ 182, subd. (a), count 1).  As explained more fully below, we agree with the People that Santiago's sentence without the enhancement was over 20 years, thus, the application of the enhancement did not "cause" the sentence to exceed 20 years.  (§ 1385, subd.(c)(2)(C).)  Nonetheless, even assuming section 1385, subdivision (c)(2)(C) applied, there is nothing in the record which shows the trial court abused its discretion by failing to dismiss the firearm enhancement in this case.  (See, e.g., *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1052–1053.)

Supreme Court held there must be a showing that the court was unaware of the scope of its discretionary powers, or its exercise of discretion was irrational or arbitrary. (*Id*. at pp. 376–377; see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Gaines* (2023) 93 Cal.App.5th 91, 142.) A court also abuses its discretion when basing its decision on an impermissible consideration or on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

A trial court is presumed to have been aware of and followed the applicable law. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.) Remand is unnecessary if the court was aware of its sentencing discretion or "if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.) Under the highly deferential abuse of discretion standard of review, we will uphold the lower court's decision if there is "a reasonable or even fairly debatable justification under the law for the … decision." (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322.)

## D. Santiago's Claim is Forfeited

Generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) We emphasize the "[s]trong policy reasons" that support this rule: " 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) We find this especially true where, as here, sentencing took place more than two years after *Tirado* was published.[6] While the trial court did not specifically state it had discretion to impose a lesser firearm enhancement under *Tirado*, the reason appears

---

[6] *Tirado* was published on January 20, 2022. (*Tirado*, *supra*, 12 Cal.5th 688.) Santiago was sentenced in this case on March 21, 2025.

to be because the court was not asked to make such a finding. "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208.) Santiago's claim is forfeited.

### E. No Ineffective Assistance of Counsel

In resisting forfeiture, Santiago argues his counsel was ineffective for failing to object or otherwise urge the trial court to impose a lesser firearm enhancement at the sentencing hearing. We turn to the merits of Santiago's challenge to determine whether the court abused its discretion when it declined to impose a lesser firearm enhancement. (See, e.g., *People v. Young* (2017) 17 Cal.App.5th 451, 463; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [an appellate court has the authority to reach a forfeited claim].)

To prevail on an ineffective assistance of counsel claim, Santiago must establish both deficient performance and prejudice, that is, "a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Ledesma* (2006) 39 Cal.4th 641, 746; see *id*. at pp. 745–746.) Tactical errors are generally not deemed reversible, and counsel's decisions are evaluated in the context of the record. (*Strickland v. Washington* (1984) 466 U.S. 668, 689–690 (*Strickland*).)

The reviewing court must determine whether the record contains an explanation for the challenged conduct. (*People v. Pope* (1979) 23 Cal.3d 412, 425, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.) If the record sheds light on why counsel acted or failed to act in the manner challenged, the conviction will be affirmed if counsel's acts or omissions resulted from an informed tactical choice within the range of reasonable competence. (See *People v. Fain* (1969) 70 Cal.2d 588, 600.) However, in some cases the record on appeal is silent regarding why counsel acted or failed to act in the manner challenged. These cases are affirmed on appeal "unless counsel was asked for an explanation and failed to provide one, or unless there simply

could be no satisfactory explanation ….." (*Pope*, at p. 426.) An assertion that counsel was ineffective on a silent record is more appropriately made in a petition for habeas corpus, which promotes judicial economy.[7] (*People v. Dickey* (2005) 35 Cal.4th 884, 926; see *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

Santiago's claim that he was denied effective assistance of counsel fails to overcome the "strong presumption" his trial counsel's conduct fell within the wide range of reasonable professional assistance. (*Strickland*, *supra*, 466 U.S. at p. 689.) There is nothing in the record showing the reason defense counsel did not request the court to impose a lesser firearm enhancement. One possible rational tactical purpose for not asking the court to impose a lesser enhancement was defense counsel wanted Santiago to receive the lowest possible sentence. It is reasonable to conclude defense counsel, acting as a diligent advocate, made a tactical decision not to request the court to impose only a lesser enhancement, rather than dismissal of the enhancement, because he wanted the shortest term for Santiago. Defense counsel extensively argued for the "lowest possible sentence" in both his resentencing brief and at the hearing. Defense counsel set forth Santiago's rehabilitative efforts and all applicable mitigating circumstances. Indeed, the trial court struck all enhancements beyond one.[8] Thus, defense counsel may have reasonably believed further argument or objection to the court's imposition of the firearm enhancement would not have benefited him. (See, e.g., *People v. Anderson* (2001) 25 Cal.4th 543, 587 ["Counsel is not required to proffer futile objections"].)

Santiago also fails to demonstrate he suffered prejudice. (*Strickland*, *supra*, 466 U.S. at pp. 691–692, 696.) The trial court did not specifically state it declined to impose

---

[7] A habeas corpus proceeding provides an evidentiary hearing and allows trial counsel the opportunity to set forth his or her reasons for acting or failing to act in the manner challenged. (§§ 1483, 1484; *People v. Pope*, *supra*, 23 Cal.3d at p. 426.)

[8] The trial court struck Santiago's gang, prior prison term, and prior serious felony enhancements.

a *lesser* firearm enhancement, only that it declined to dismiss the enhancement. However, in the face of a silent record it is presumed that a court correctly followed the applicable law. (*People v. Carmony, supra*, 33 Cal.4th at p. 378; see also *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["On appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant"].) We will not assume the court was unaware of its discretion under *Tirado* to impose a lesser firearm enhancement simply because the court did not specifically make such a finding. (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance"].) "[N]o particular language [is] required for the trial court to decline to dismiss [the enhancements]. Section 1385, subdivision (a), requires a trial court to state its 'reasons for the dismissal … orally on the record,' but there is no similar statutory requirement when a court denies a request to dismiss an enhancement." (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157.)

There is nothing in the record that shows the trial court abused its discretion by failing to impose a lesser firearm enhancement in this case. The court was aware of its discretion, the mitigating circumstances, and required considerations under section 1385, subdivision (c)(2) as amended by Senate Bill No. 81. The record shows the court balanced several factors when it imposed Santiago's sentence. The court said no less than three times that it was aware of and was exercising its "discretion" with respect to the sentence, the firearm enhancement, and section 1385. Further, the court reviewed and considered the record, including the mitigating factors and aggravating circumstances outlined in the probation report. The court also considered the circumstances of the offense. Given the violent circumstances surrounding the offense, Santiago's prior

violent conduct, and his recent behavior while in custody, the court declined to dismiss or impose a lesser enhancement. The court's reasoning was sound.

Santiago cannot show prejudice from counsel's failure to direct the trial court to impose a lesser firearm enhancement. (See *Strickland, supra,* 466 U.S. at p. 694.) The record shows the court knew the relevant law and applied it correctly. Thus, even if Santiago did not forfeit his claim of error under *Tirado*, it fails on the merits.

### F. No Abuse of Discretion Under Section 1385

Santiago maintains the trial court erred when it failed to point out a mitigating factor, whether "application of an enhancement could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)). While Santiago concedes the court dismissed all enhancements beyond a single enhancement (§ 1385, subd. (c)(2)(B)), he contends section 1385, subdivision (c)(2)(C) mandated dismissal because his sentence was over 20 years. Santiago then argues the court's public safety finding was legally erroneous.

Santiago's "interpretation [of section 1385, subdivision (c)(2)(C)] is at odds with the clear text of the statute." (*People v. Torres* (2025) 113 Cal.App.5th 88, 93.) Subdivision (c)(2)(C) of section 1385 applies only when a sentence of over 20 years could result because of the application of the enhancement. (*Torres*, at p. 93 [holding section 1385, subdivision (c)(2)(C) did not apply where the defendant was sentenced to 25 years to life for first degree murder, because "the sentence already exceeded 20 years without any enhancement"].) Santiago however contends *Torres* was wrongly decided. We disagree.

"The word *result* denotes a causal relationship between the enhancement and a sentence exceeding 20 years." (*People v. Torres*, *supra*, 113 Cal.App.5th at p. 93, italics added.) Thus, subdivision (c)(2)(C) of section 1385 concerns "enhancements increasing [a] sentence above 20 years." (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097, fn. 6.) Santiago's sentence without the enhancements was 50 years to life. Given that sentence, the application of the firearm enhancement did not "cause" the sentence to exceed

13.

20 years.  (§ 1385, subd.(c)(2)(C).)  Thus, subdivision (c)(2)(C) of section 1385 did not weigh in favor of dismissal.

Santiago's claim the trial court erred by failing to explicitly reference one of the relevant mitigating factors under section 1385, subdivision (c)(2)(C)) is without merit. Section 1385, subdivision (c)(2) is not applicable because there are no other mitigating factors.[9]  Thus, the court's public safety finding is irrelevant.

However, even if section 1385, subdivision (c)(2)(C) applied, we nonetheless reject Santiago's claim the trial court committed legal error when it declined to dismiss the firearm enhancement for public safety reasons.  Santiago first argues the court only gave "lip service" to a public safety finding and failed to consider his future dangerousness as required by *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228 (*Gonzalez*).

In *Gonzalez*, the defendant argued the trial court committed prejudicial error by "focusing on whether [the defendant] 'presently' and 'currently' endangered public safety rather than assessing whether, looking forward, public safety would be endangered due to an earlier release from prison (i.e., in 50 years to life rather than in 75 years to life) if the enhancement was dismissed." (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 224.)  The *Gonzalez* court determined "the trial court erred because it considered only whether the defendant *currently* posed a danger to the public when assessing if a dismissal of the firearm enhancement would 'endanger public safety.' " (*Id*. at p. 230.)  The lower court reasoned, " 'I think presently [the defendant] does represent a danger to society, *and for that reason* … I do think it is appropriate for the Court to impose an additional 25 years to life for the gun use enhancement.' " (*Id*. at p. 231.)  The Fourth Appellate District

---

[9]     Santiago does not argue on appeal any additional mitigating circumstances apply under section 1385, subdivision (c).  The People argue section 1385, subdivision (c)(2)(B) was the only mitigating circumstance that applied, which the trial court struck beyond a single enhancement.  The People are correct.

concluded the lower court's error was prejudicial because it limited its inquiry to current dangerousness and gave no indication of how it would rule otherwise. (*Id*. at p. 232.)

Here, the trial court's reasoning does not show it misinterpreted section 1385, subdivision (c) in a similar manner that was rejected by the *Gonzalez* court. The court considered Santiago's prior and current violent crimes, behavior while incarcerated, and the "serious nature of the offense" when it found dismissing the enhancement would endanger public safety. (See *People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 299 [finding a trial court did not abuse its discretion when it determined dismissal of the enhancement would likely endanger public safety in part because the defendant's past conduct was " 'incredibly harmful and dangerous' "].) The court's remarks do not demonstrate it expressly limited its analysis to Santiago's past conduct or current dangerousness. (Cf. *Gonzalez*, *supra*, 103 Cal.App.5th at pp. 224, 228, 231.) The court imposed the enhancement due to "public safety reasons" but did not specify or limit the temporal nature of Santiago's danger to public safety. We conclude the court properly looked to Santiago's level of dangerousness at the time he would be released from custody if the enhancement were to be dismissed and did not rely solely on his current level of dangerousness.

Next, Santiago argues substantial evidence does not support the trial court's finding that he posed an unreasonable risk of danger to society such that dismissal of the enhancement would result in physical injury or serious danger to others. " ' "In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence" ' " supporting the trial court's finding. (*People v. Tully* (2012) 54 Cal.4th 952, 1006.) The whole record is not before us. Generally, we must assume the evidence not before us would support the court's decision. (See, e.g., *Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Thus, on this challenge to the sufficiency of the evidence to support the public safety finding, the gap in the record on appeal works to

15.

Santiago's detriment, preventing us from determining whether the evidence was insufficient. (See *People v. Malabag* (1997) 51 Cal.App.4th 1419, 1427 ["the orders of the trial court are presumed to be valid and [the] defendant has the burden of providing a record adequate to support his arguments on appeal"].) Santiago cannot claim there is insufficient evidence without providing some evidence that is different from the record at hand. He has failed to support his argument; we cannot conclude the evidence was insufficient to support the court's conclusion that Santiago posed a danger to public safety.

The record before us shows that after consideration of the only mitigating factor (§1385, subd. (c)(2)(B)), the trial court dismissed the remaining enhancements but imposed the firearm enhancement. The record does not show any other mitigating factors supporting dismissal of the firearm enhancement. The court's implicit conclusion that dismissal of the enhancement was not in the furtherance of justice was reasonable in light of Santiago's recent violations while in custody, the facts of the underlying case, and the aggravating factors.

Assuming section 1385, subdivision (c) applied, the trial court did not abuse its discretion or commit legal error. The record before us shows no conceivable likelihood the court would have exercised its discretion differently. (See *People v. Watson* (1956) 46 Cal.2d 818, 836.)

**DISPOSITION**

The judgment is affirmed.

PEÑA, J.

WE CONCUR:


DETJEN, Acting P. J.


HARRELL, J.

16.